AE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 04 C 5311 |
| ) | |
| v. ) | Crim. Case 02 CR 1138-3 |
| ) | |
| ) | Judge Ronald A. Guzmán |
| SASHA M. ROBINSON, ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Sasha Robinson's motion challenging her sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the Court denies the motion.

## Background

Defendant Sasha Robinson was charged in a two-count indictment with conspiracy in violation of 18 U.S.C. § 371 and bank robbery in violation of 18 U.S.C. § 2113(a). On March 27, 2003, Robinson pleaded guilty to the bank robbery charge in exchange for the government's dismissal of the conspiracy charge. The parties signed a written plea agreement setting forth a detailed factual basis for the plea, the maximum statutory penalties for the offense, a preliminary guidelines calculation, and the rights that Robinson was relinquishing by entering a plea of guilty. The plea agreement provided in pertinent part:

> Defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

(Plea Agreement ¶ 12.)

On March 27, 2003, Robinson appeared in court with her attorney and stated that she

wanted to plead guilty to bank robbery pursuant to 18 U.S.C. § 2113(a). She was placed under oath, and when the Court reviewed the terms of the agreement in open court, it received her assurances that she agreed to such terms. She also affirmatively stated that she was voluntarily entering into the agreement.

On June 4, 2003, this Court sentenced Robinson to a fifty-one-month term of incarceration to be followed by three years of supervised release. The Court found appropriate a number of base level enhancements to defendant's federal Sentencing Guidelines range.[1] Her fifty-one-month sentence fell within the twenty-year maximum statutory penalty for violations of 18 U.S.C. § 2113(a).

Although the plea agreement provided that Robinson waived "her right to challenge her sentence or the manner in which it was determined in any collateral attack," (*see* Plea Agreement ¶ 12), she has nonetheless launched a collateral attack arguing that her sentence violates *Blakely v. Washington*, 542 U.S. 296, 313 (2004), in which the Supreme Court held that imposing sentencing enhancements under Washington's mandatory guidelines system based on facts that were neither admitted by the defendant nor found by a jury violated the Sixth Amendment. Robinson argues that her sentence violates the Sixth Amendment because none of the facts supporting the enhancements to her Sentencing Guidelines range were "admitted by [her] or proved beyond a reasonable doubt by a jury." (Mot. § 2255 at 4.)

---

[1] Specifically, this Court applied: (1) a two-level increase pursuant to USSG § 2B3.1(b)(1) because the property of a financial institution had been taken, (2) a one-level increase pursuant to USSG § 2B3.1(b)(7)(B) because the loss was more than $10,000.00 and less than $50,000.00; (3) a two-level increase (over defendant's objection) pursuant to USSG § 2B3.1(b)(2)(F) because a threat of death had been made; and (4) a two-level increase to her guideline range pursuant to USSG § 3C1.2 because she recklessly created a substantial risk of death or serious bodily injury to other persons in the course of fleeing from law enforcement officers.

## Discussion

Courts have repeatedly stated that waivers of collateral attacks under section 2255 are generally enforceable. *See Bridgeman v. United States*, 229 F.3d 589, 591 (7th Cir. 2000); *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000). A waiver of a right to file a petition under section 2255 pursuant to a plea agreement is enforceable "if it is knowing and voluntary and if the defendant cannot establish a claim of ineffective assistance of counsel in connection with negotiating the agreement." *Mason*, 211 F.3d at 1069.

In the plea agreement, Robinson waived the right to appeal any sentence within the maximum provided by the statute of conviction or the manner in which that sentence was determined. (Plea Agreement ¶ 12.) She expressly waived the right to challenge her sentence by collateral attack on a motion pursuant to 28 U.S.C. § 2255. (*Id.*)

In her section 2255 motion, Robinson does not argue that her waiver was not made knowingly or voluntarily or that her counsel provided ineffective assistance. This dooms her motion.

At the time of her plea, Robinson was assisted by counsel, and this Court thoroughly reviewed with her all of the rights she was giving up by pleading guilty. Robinson does not argue or offer any evidence that she was not informed of her rights at the time of the plea, that assistance of counsel was ineffective, or that the negotiations of waiver were otherwise defective or involuntary. Thus, the waiver provision in Robinson's plea agreement is in effect and fully enforceable. Robinson has given this Court no reason why it should not honor the deal she made with the government. Consequently, Robinson is barred from collateral attack on her sentence.

Because the Court finds that Robinson waived the right to bring the instant motion, it need not reach the government's contention that she forfeited her right to challenge her sentence

3

by not raising her *Blakely* argument at sentencing. Furthermore, the Court need not, and indeed must not, reach the merits of Robinson's § 2255 motion.

## Conclusion

For the reasons stated above, the Court denies defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. This case is hereby terminated.

SO ORDERED  ENTERED: 11/29/05

HON. RONALD A. GUZMAN
**United States Judge**